UNITED STATES, Appellant

v

DAVID A. SAINT JOHN, Specialist Four, U. S. Army, Appellee

No. 27,577

March 29, 1974

*Lieutenant Colonel Ronald M. Holdaway* argued the cause for Appellant, United States.

*Captain Gilbert J. Weller* argued the cause for Appellee, Accused. With him on the brief was *Colonel Arnold I. Melnick.*

## OPINION OF THE COURT

QUINN, Judge:

The Court of Military Review reversed the accused's conviction of wrongful possession of marihuana in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934, on the ground that a statement by trial counsel in argument to the court members constituted preju-dicial comment on the accused's "failure to take the witness stand." Under the provisions of Article 67(b)(2), UCMJ, 10 USC § 867(b)(2), the Judge Advocate General of the Army asked this Court to determine the correctness of the Court of Military Review's decision.

Accused was charged with wrongful possession of marihuana (specification 1) and wrongful sale of the same substance (specification 2). The charges grew out of a report by Private Martinez, a member of the accused's company at Fort Leavenworth, Kansas, to the company commander, Captain Stegemann, that he and several others had just been informed by the accused that he had "harvested" some marihuana which he wanted to sell. With the assistance of a criminal investigator, arrangements were made for Martinez to purchase marihuana from the accused with a ten dollar bill, the serial number of which was recorded. Shortly thereafter, Martinez again met the accused.

According to Martinez's testimony at trial, he met the accused outside the front of their barracks. The accused was in his car, and a girl was with him. Martinez approached and told the accused that he wanted to buy a "lid" (three-fourths of an ounce of mari-

huana), the price of which was $10. The accused agreed, and Martinez asked him to go around to the back of the barracks and meet him at his car. While the accused drove around the barracks, Martinez walked through it to his car in the rear parking lot. Martinez further testified that as he stood at the window of the accused's car, the accused transferred marihuana from a plastic bag he had to a white bag Martinez had given him as a container, and Martinez "dropped the ten dollars in his lap."

After the transaction with the accused, Martinez returned to Captain Stegemann's office and turned over to him a bag of marihuana. Stegemann telephoned the criminal investigator's office, and within 10 to 15 minutes, Agent Baird appeared. Apprised of Martinez's alleged purchase, he called the military police desk at Fort Leavenworth and asked for a "pickup" on the accused. About 30 to 45 minutes later and apparently in response to the "pickup" order, three military police stopped the accused's car at another location on the post. The girl described by Martinez was still with him. Agents Baird and Kirk went to the scene and "apprehended" the accused for possession and sale of marihuana. A search of the accused's wallet disclosed only "one or two one dollar bills." Agent Kirk "looked through" the girl's purse and found no ten dollar bill. A search of the accused's person was similarly negative. A search of the car followed. No plastic bag like that mentioned by Martinez was found. The accused and the girl were taken to the investigations office on the post.

Agent Baird testified that at the time of the accused's apprehension and the search of the car, he found an army field jacket, with the accused's name stenciled over the right top pocket, on the back seat of the car. In the pockets of the jacket, he found matter which he "suspected" was marihuana. He "secured" the jacket. In a search of the glove compartment of the car, he found seeds which he "thought to be marihuana," and he placed them in an envelope.[1] Several days later, Baird mailed the jacket, the envelope containing the seeds, and the package obtained from Martinez to the Criminal Investigations Laboratory at Fort Gordon, Georgia. Private First Class Davis, a graduate analytic chemist on duty at the laboratory, testified that he received and tested the matter forwarded by Baird. In his opinion, the tests indicated that all the matter was marihuana. The marihuana in the jacket and the seeds found in the glove compartment were made the subject of the possession charge; the marihuana obtained from Martinez was the subject of the sale charge.

The accused did not testify. His defense to the possession charge was predicated upon the insufficiency of the evidence to establish his consciousness of the presence of the matter in his jacket and in the car, and on the inadequacy of the evidence to establish an unbroken chain of custody between Investigator Baird and the laboratory chemist. As to the sale count, the defense was an attack on Martinez's credibility.

At the close of the evidence, a hearing to consider the instructions to the court members was held. The trial judge indicated that he would instruct as to the effect of the accused's failure to testify. Defense counsel stated that he felt it would be "beneficial to the defense" not to have the instruction, and he asked that it not be given. The judge agreed not to give the instruction. When court reconvened, trial counsel began his argument to the court members with a review of the evidence as to the possession charge.

Counsel referred to Baird's testimony regarding discovery of the field jacket and the seed particles. He called attention to Davis' testimony that the foreign

---

[1] Also found in the search of the car were two soft drink containers bearing the name of a local "drive-in." One of them was empty; the other was partially full of ice and a "small amount of water." Trial counsel relied upon this evidence to argue that the absence of the ten dollar bill which Martinez testified that he had given to the accused, could be explained by the fact that "it was spent when the accused . . . drove off-post and purchased these . . . soft drinks."

matter in the jacket pockets and the seeds were marihuana. "This evidence," he concluded, "is unchallenged and unrebutted." No objection was interposed by defense counsel and no comment was made by the judge. Trial counsel continued with a review of the evidence as to the alleged sale to Martinez and exhorted the court members to find that Martinez "was truthful" in his account of the transaction. Defense counsel argued that no one except "Martinez could testify" about the money and marihuana that passed between him and the accused, and he contended that "unimpeached" testimony by two defense witnesses as to Martinez's bad reputation for truthfulness demonstrated that Martinez could not be believed. Referring to the possession charge, he contended that the accused "was not wearing [the jacket] at the time" of its seizure, and the amount of marihuana was too small to be used. The court-martial found the accused not guilty of the sale charge but guilty of the wrongful possession specification, and it sentenced him to a bad-conduct discharge, confinement at hard labor for one month, and accessory penalties.

On review before the Court of Military Review, appellate defense counsel contended that trial counsel's remarks as to "unchallenged and unrebutted" prosecution evidence amounted to improper comment on the accused's failure to testify. They argued that the remarks constituted "a direct intimation that the burden of proof had shifted to appellant to establish his innocence." The Court of Military Review concluded that the accused was the "only" person who "could have contradicted the evidence referred to by the trial counsel," and, therefore, his remarks could reasonably have been construed by the court-martial members as comment on the accused's failure to testify. The court regarded the error as violative of "such a fundamental right of an accused" as to justify disregard of the absence of any objection by him at trial. See United States v Russell, 15 USCMA 76, 82, 35 CMR 48, 54 (1964).

█ It is settled law that neither a judge nor a prosecuting attorney may invite the attention of the factfinders to the failure of an accused to testify in his behalf in a way that would indicate that the accused's silence may be considered against him. Griffin v California, 380 US 609 (1965); United States v Russell, supra. As the Court of Military Review acknowledged, trial counsel's comment was not a direct and unmistakable reference to the accused's silence at trial. If the reference exists, it must be inferred. At the hearing on the proposed instructions, defense counsel demonstrated he was alert to the accused's failure to testify and that he did not desire to call attention to the matter in any way, yet he did not object to trial counsel's remarks. His failure to object suggests that he "did not regard the prosecutor's argument as egregiously improper and is a persuasive inducement to an appellate court to evaluate the prosecutor's argument in the same light as the defense probably considered it at the trial." United States v Wood, 18 USCMA 291, 293, 40 CMR 3, 5 (1969). See also United States v Pinkney, 22 USCMA 595, 48 CMR 219 (1974).

Besides not interposing any objection to trial counsel's language, defense counsel adopted the prosecutor's technique. Where trial counsel had referred to certain prosecution evidence as being "unchallenged and unrebutted," he characterized certain defense evidence as "unimpeached." Thus, through inaction, in the form of failure to challenge the propriety of trial counsel's argument, and action, in the form of similarity of argument, defense counsel gave clear indication that he understood trial counsel's remarks as comment on the strength of the evidence, not on the accused's silence. Defense counsel's understanding is not, of course, determinative of the issue. What is crucial is whether it can reasonably be concluded from the record that the court members construed trial counsel's argument as an invitation to take account of the accused's failure to testify.

A comprehensive annotation of cases dealing with argument by the prosecuting attorney points out that there is

"considerable authority indicating that a bare statement that the prosecution's evidence, or some designated part of it, is uncontradicted, does not per se involve an impermissible reference to the defendant's failure to testify." Annot., 14 ALR3d 723, 728, 763 (1967). However, other circumstances may so color the reference as to make the implication apparent. One such circumstance is that contradiction can come only from the accused. As noted earlier, the Court of Military Review concluded that, in this case, only the accused "could have contradicted the evidence referred to by the trial counsel." The record of trial does not support that conclusion.

According to Investigator Baird, five other persons were present when the accused's car was searched and the jacket and marihuana seeds were found in it. One of these persons was Agent Kirk; another was the accused's female companion, and the other three were military policemen. True, four of these five persons were connected with law enforcement, but each could be expected to tell the truth if called as a witness. See Peden v United States, 223 F2d 319, 321 (DC Cir 1955). The situation disclosed by the record, therefore, is far removed from that to which the rule relied upon by the Court of Military Review applies. More important perhaps is the circumstance that probably no one at trial believed or expected that Davis' testimony as to the nature of the matter found in the accused's jacket or of the seeds taken from the glove compartment of his car could be contradicted only by the accused. As trial counsel's references to Davis' testimony were interwoven with his references to Agent Baird's testimony, the unlikelihood that anyone would expect only the accused to contradict Davis would strengthen the unlikelihood that he would be regarded as the only person who could contradict Baird's testimony.

There is yet another circumstance that argues strongly against the conclusion of the Court of Military Review as to the meaning the court-martial members could reasonably have attached to trial counsel's remarks. As noted at the beginning of our opinion, the accused was charged with wrongful possession and wrongful sale. The only direct evidence as to the sale came from Martinez. According to Martinez, besides himself and the accused, only the accused's female companion was present at the transaction. Martinez testified that he made payment while he stood outside the accused's car, and he did it by dropping the ten dollar bill into the accused's lap. The accused's companion could easily have missed this movement, but whether she did or not, the only real contradiction of Martinez's version of the entire transaction could reasonably come only from the accused. Still, the court members found the accused not guilty of this charge. It is most unlikely that the court-martial members would have convicted the accused of the possession charge but acquitted him of the sale offense, as they did, if they understood trial counsel's argument to invite, in the deliberations on their findings, consideration of accused's failure to testify.

■ Considering the challenged comments in the context of trial counsel's complete argument and in light of the defense counsel's response to it and the verdict, we are convinced that the court-martial members did not regard those comments as an invitation to weigh the accused's silence against him. We are constrained, therefore, to hold that the Court of Military Review erred in its disposition of this issue.

We answer in the negative the certified question which asks whether the Court of Military Review was "correct in holding that trial counsel's description of certain prosecution testimony as unchallenged and unrebutted was impermissible comment on the failure of the accused to testify in his own behalf," and we reverse the court's decision. The record of trial is returned to the Judge Advocate General for submission to the Court of Military Review for further proceedings consistent with this opinion.

Chief Judge DUNCAN concurs.

Senior Judge FERGUSON concurs in the result.